USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/2/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lawrence T. Glickman, M.D.,

                        Plaintiff,

-against-

First UNUM Life Insurance Company,

                        Defendant.

1:19-cv-05908 (VSB) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are disputes between Plaintiff Lawrence T. Glickman, M.D. ("Plaintiff" or "Glickman") and Defendant First Unum Life Insurance Company ("Defendant" or "Unum") regarding the scope of discovery and the applicability of the attorney-client privilege to certain pre-litigation communications. (*See* 3/31/20 Joint Letter, ECF No. 30.) The Court resolves these disputes as set forth below.

**BACKGROUND**

This is an action, filed on June 24, 2019, arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), among other things, to recover benefits due under an employee benefit plan. (Compl., ECF No. 1, ¶ 1.) Glickman is a plastic surgeon at Long Island Plastic Surgery Group ("LIPSG"), who alleges that his nerve damage causes him severe pain, which lowers his productivity and earnings. (*See id*. ¶¶ 21-32.) He contended that his reduced earnings entitled him to benefits under a long-term disability income insurance policy governed by ERISA that Unum issued to LIPSG on July 1, 2014 (the "LTD Plan"). (*See id*. ¶¶ 107-09.)

Glickman contended that Unum improperly was administering his claim pursuant to a June 2018 amendment to the LTD Plan, and not according to the terms under which it originally

was issued. (*See* Compl. ¶¶ 64-101.) As alleged in the Complaint, under the LTD Plan as issued, income is calculated based upon W-2 earnings; under the June 2018 amendment, income is calculated on both W-2 income and K-1 income. (*See id*. ¶¶ 96-101.) Thus, in Count I of his Complaint, Glickman sought benefits under the LTD Plan, as calculated pursuant to its pre-amendment terms. (*See id*. ¶¶ 105-17.) In Count II of his Complaint, Glickman sought to recover reasonable attorneys' fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA. (*See id*. ¶¶ 118-19.)

Unum conceded that, as of the filing of the Complaint in this action, Glickman was eligible for and had been paid benefits under the LTD Plan. (9/26/19 Joint Letter, ECF No. 14, at 2.) However, the parties did not agree how the benefits should be calculated and thus disputed the amount of Glickman's benefit. (*See id*. at 1-2.)

## PROCEDURAL HISTORY

On September 26, 2019, the parties submitted to District Judge Broderick a Proposed Case Management Plan and Scheduling Order, but disagreed regarding the scope of discovery. (*See* 9/26/19 Joint Letter at 1-3.) On the one hand, Plaintiff stated that he "anticipate[d] document discovery and interrogatories regarding the claim process, claims procedures and manuals, the purported amendment of the plan, and the ongoing administration and payment of the claim," and "a deposition of the claim representative; a corporate representative deposition; and depositions of the personnel involved in the purported amendment of the plan – including any legal department personnel." (*Id*. at 2.) On the other hand, Unum took the position that, "whether the claim determination is reviewed under either the arbitrary and capricious or de novo standard of review, no discovery is warranted." (*Id*. at 3.)

Following a conference before Judge Broderick on October 3, 2019, the parties submitted and the Court approved on October 15, 2019 a briefing schedule regarding the parties' dispute as to the scope of discovery. (Mem. Endorsement, ECF No. 16.) On November 8, 2019, Plaintiff filed his memorandum regarding the scope of discovery. (Pl. Mem., ECF No. 17.) Plaintiff contended that he was entitled to limited discovery outside the claim file due to Unum's conflict of interest "as both administrator and payor of claims." (*Id*. at 2-4.) Plaintiff argued that Unum's conflict of interest manifested in Unum's amendment of the LTD Plan which purportedly "was inconsistent with its duties to act according to the plan documents and to act solely in the interests of plan participants" (*Id*. at 4.) He also contended that he was entitled to discovery regarding the "invalid amendment" to the LTD Plan, as well as "the application for the LTD Plan." (*Id*. at 6.)

On November 21, 2019, Unum advised Judge Broderick that it was "currently recalculating the amount plaintiff claims is payable, which varies monthly, and [it] anticipate[d] that this recalculation should resolve the issues in this suit." (11/21/19 Unum Letter, ECF No. 18.) Thus, Unum requested an extension of time, until December 23, 2019, to respond to Plaintiff's submission "with plaintiff's consent, to permit the parties to complete and review these calculations, and determine whether further litigation is necessary." (*See id*.) Judge Broderick granted this request on November 25, 2019. (11/25/19 Order, ECF No. 19.)

By letter dated December 20, 2019, Unum advised Glickman that it would administer his claim and calculate benefits using only W-2 income, as set forth in the pre-amendment LTD Plan, and as demanded in the Complaint. (*See* 12/20/19 Unum Letter, ECF No. 24-1.) This resulted in an adjustment to the date of disability and the payment of additional benefits of $125,713.12 by

3

Unum to Glickman. (*See id*.) Unum also states in its December 20, 2019 letter that, going forward, Glickman's benefits will be based on his W-2 earnings. (*Id*.)

On December 23, 2019, Unum requested from Judge Broderick, with Plaintiff's consent, a further extension of time, until January 17, 2020, to respond to Plaintiff's discovery submission in order "to permit Plaintiff time to review" Unum's "re-calculation" of benefits and "determine whether there is any dispute regarding the same." (*See* Unum 12/23/19 Letter, ECF No. 20.) Judge Broderick granted this request on December 27, 2019. (12/27/19 Order, ECF No. 21.)

On January 17, 2020, Unum requested from Judge Broderick, with Plaintiff's consent, a further extension of time, until January 24, 2020, to respond to Plaintiff's discovery submission in order to permit the parties to seek to resolve "a dispute over the calculations" and "to determine if further litigation is necessary." (*See* Unum 1/17/20 Letter, ECF No. 22.) Judge Broderick granted this request on January 22, 2020. (1/22/20 Mem. Endorsement, ECF No. 23.)

On January 24, 2020, Unum filed its opposition to Plaintiff's memorandum regarding the scope of discovery. (Opp. Mem., ECF No. 24.) In its opposition, Unum asserted that its decision to calculate the benefits as Plaintiff requested "render[ed] plaintiff's discovery demands moot." (*Id*. at 2.) Unum also asserted that the discovery was not proportional to the needs of the case and sought information protected by the attorney-client privilege. (*See id*. at 3.)

On January 31, 2020, Plaintiff filed his reply. (Reply, ECF No. 25.) In his reply, Plaintiff continued to assert that he is entitled to discovery "into the scope of the administrative record," including documents regarding the legal review of the "invalid amendment," as well as Unum's "attempt to amend the LTD Plan." (*Id*. at 2-5.)

On February 4, 2020, this case was referred to me for general pretrial purposes. (Order of Reference, ECF No. 26.) I held a telephone conference with the parties on February 12, 2020.[1] During the telephone conference, Defendant's counsel admitted that Unum made an error in the amendment process, and conceded that the amendment to the LTD Plan does not apply to Plaintiff. Thus, Defendant's counsel argued that discovery regarding the amendment is moot.

One of the arguments made by Plaintiff's counsel during the call was that the discovery sought is at least related to his entitlement to attorneys' fees. Plaintiff's counsel argued (citing the "*Chambless* factors"[2]) that some courts, in deciding whether attorneys' fees should be granted in an ERISA case, consider the merits of the parties' positions and whether the party against whom attorneys' fees are sought engaged in bad faith. In response to the Court's question as to whether the discovery sought was germane to the issue of attorneys' fees, Defendant's counsel stated that "perhaps it might be," and that he could check with Unum to see if Unum would be contesting that it "owes" attorneys' fees to Plaintiff (as opposed to the amount of the attorney's fees sought), and whether Unum would give him "permission to put that in writing." Defendant's counsel further stated that Plaintiff has "won his liability case," and that all that is left in this case is "the damages portion." The amount of damages due to Plaintiff turns on his date of disability, which is a contested issue.

At the end of the February 12, 2020 telephone conference, Plaintiff's counsel stated that he would be "happy to propose," among other things, "30(b)(6) topics" and document requests,

---

[1] The content of the telephone conference set forth below is based upon the Court's listening to the audio recording made of the February 12, 2020 conference. If either of the parties' counsel wishes to do so, he may order a copy of the transcript.

[2] *See* Discussion Section II, *infra*.

5

as the Court had suggested. The Court then set a schedule for a further submission by the parties, building in time for the parties to "try to work things out."

Promptly following the conference, I issued an Order requiring Plaintiff to provide to Defendant his "proposed discovery requests (*e.g.*, interrogatories, document requests and/or Federal Rule[] of Civil Procedure 30(b)(6) topics)" and requiring Defendant to provide to Plaintiff its log of documents "it contends are privileged in compliance with Federal Rule[] of Civil Procedure 26[](b)(5)." (2/12/20 Order, ECF No. 28.) My Order also required the parties to meet and confer and file, no later than March 31, 2020, "a joint letter setting forth any disputes with respect to Plaintiff's proposed discovery requests or Defendant's log of privileged documents." (*See id.*)

On March 31, 2020, the parties filed the joint letter setting forth the disputes between the parties that are the subject of this Opinion and Order. (*See* 3/31/20 Joint Letter.) The joint letter attaches, among other things, Unum's Objections and Responses to Dr. Glickman's Interrogatories, dated March 24, 2020 (the "Interrogatory Responses") (ECF No. 30-8); Unum's Objections and Responses to Dr. Glickman's Document Requests, dated March 24, 2020 (the "Document Objections") (ECF No. 30-7); Notices of the Depositions of Lisa Montelongo-Connor and Pamela Fox, dated February 26, 2020[3] (the "Deposition Notices") (ECF No. 30-3); and Unum's Amended Privilege Log, dated March 24, 2020 (the "Amended Privilege Log") (ECF No. 30-9). These documents are addressed in the Discussion Section below.

---

[3] No Rule 30(b)(6) notice or topics were supplied by Plaintiff to the Court.

**LEGAL STANDARDS**

Rule 26 of the Federal Rules of Civil Procedure defines the scope of permissible discovery as follows: "Unless otherwise limited by court order . . .: [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

**DISCUSSION**

The issues before the Court regarding the scope of discovery and applicability of the attorney-client privilege relate to the Interrogatory Responses, the Document Objections, the Deposition Notices and the Amended Privilege Log, which are addressed separately below.

**I.**     **Interrogatory Responses**

In the 3/31/20 Joint Letter, Plaintiff raises no specific objections to Unum's Interrogatory Responses. Unum has responded to those interrogatories seeking the identity of potential witnesses (*see* Interrogatory Responses at 4-7, 9-12), and also responded to an interrogatory asking about "activities [that] occurred in relation to this matter." (*See* id. at 8-9.) The only interrogatory that Unum refused to answer requested "the amount of the reserve placed on Dr. Glickman's claim." (*See id*. at 13.) This interrogatory is outside the scope of those permitted under Local Rule 33.3, inasmuch as the interrogatory does not seek any of the categories of information

7

permitted under the Local Rule (*i.e.*, identities of witnesses or "the computation of each category of damage alleged").[4] *See* S. & E.D.N.Y.R. 33.3(a); *see also Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-04814 (LJL) (SDA), 2020 WL 1080775, at *1-*2 (S.D.N.Y. Mar. 7, 2020) (applying limitations imposed by Local Civil Rule 33.3).

**II.     Document Objections**

The parties dispute the scope of the documents that should be produced by Unum in discovery. Plaintiff contends that "Unum should produce discovery regarding its attempt to amend the LTD Plan" and that the administrative record is incomplete since it omits "communications regarding the amendment." (*See* 3/31/20 Joint Letter at 3-4.) Plaintiff further contends that "Unum has not conceded that Dr. Glickman is entitled to attorneys' fees" and that the discovery he seeks "will demonstrate, among other things, the degree of Unum's culpability or bad faith." (*See id*. at 4.) Unum contends that "[t]he manner in which Unum administers the claim has been amended, and plaintiff's discovery demands do nothing more than continue litigating a resolved issue, wasting the court's time, and uselessly driving up attorney's fees which plaintiff will demand." (*See id*. at 5.) In the 3/31/20 Joint Letter, Unum does not address Plaintiff's entitlement to attorneys' fees.

Given the representations made by Defendant's counsel during the February 12, 2020 telephone conference, and in the 3/31/20 Joint Letter, the Court agrees with Unum that the issue of the applicability of the amendment to the LTD Plan to Plaintiff is a moot issue regarding Unum's

---

[4] In any event, the Court finds that the reserve information sought is not relevant. *See In re Residential Capital, LLC*, 575 B.R. 29, 47 (Bankr. S.D.N.Y. 2017) (citing *Sundance Cruises Corp. v. Am. Bureau of Shipping*, No. 87-CV-00819 (WK) (SEG), 1992 WL 75097 (S.D.N.Y. Mar. 31, 1992)).

liability in this case.[5] However, the Court finds that this issue still is a live one insofar as it relates to Plaintiff's entitlement to attorneys' fees. In the Second Circuit, a trial court may choose to consider factors other than a plaintiff's "success on the merits" in assessing a request for attorneys' fees. *See Donachie v. Liberty Life Assur. Co. of Bos.*, 745 F.3d 41, 47 (2d Cir. 2014). If a court chooses to do so, it may apply the so-called "*Chambless* factors," which include "the degree of opposing parties' culpability or bad faith" and "the relative merits of the parties' positions." *See id*. at 46-47 (citing *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987)). Thus, the Court finds that Plaintiff is entitled to some discovery regarding the LTD Plan amendment, but will cabin that discovery based upon proportionality principles.

The Court now addresses Plaintiff's document requests in turn. In response to Request No. 1, which requests the administrative record, Defendant refers Plaintiff to the non-privileged portions of the administrative record that already has been produced. (Document Objections at 4-5.) The Court addresses below in connection with its discussion of the Amended Privilege Log the privileged portion of the administrative record.

Defendant has responded to Request Nos. 2 through 7 and Plaintiff fails to raise in the 3/31/20 Joint Letter any specific objections to these responses. Request No. 8 seeks "[f]or the period December 1, 2017 through June 30, 2018, all documents regarding any amendment of, change to, or revision of the LTD Plan." (*See* Document Objections at 11.) Defendant objects to this request to the extent that it seeks information beyond the documents contained in the administrative record. (*See id*.) The Court finds that Request No. 8, as written, is overbroad and

---

[5] The Court is not persuaded by Plaintiff's argument that he needs discovery regarding the amendment in order to show that there is good cause to admit evidence at trial beyond the administrative record. In any event, there will be limited issues at trial and the Court finds that such discovery is not proportional to the needs of the case.

not proportional to the needs of the case. For example, it seeks private information regarding other insureds. The Court modifies Request No. 8 to require Defendant to produce (to the extent not already produced) non-privileged documents regarding the application to Plaintiff of any amendment of, change to or revision of the LTD Plan.[6]

Request No. 9 seeks "[f]or the period December 1, 2017 through June 30, 2018, all documents regarding any legal analysis, review, or advice relating to the LTD Plan." (*See* Document Objections at 12.) Defendant objects to this request on various grounds, including relevance, proportionality and attorney-client privilege. (*See id*.) Putting aside privilege issues, the Court finds that Request No. 9, as written, is overbroad and not proportional to the needs of the case. The Court thus modifies Request No. 9 to cover only those documents (to the extent not already produced) regarding the application to Plaintiff of any legal analysis, review or advice relating to the LTD Plan. Since Plaintiff objects on privilege grounds to production of any such documents, Defendant shall, within fourteen (14) days of this Opinion and Order, (1) file a supplemental privilege log of documents regarding any legal analysis, review or advice relating to the LTD Plan as applied to Plaintiff (to the extent not already reflected in the Amended Privilege Log), and (2) provide to the Court for its *in camera* review copies of such documents that pre-date March 8, 2019. *See* Discussion Section IV, *infra*.

### III. Deposition Notices

Taking all the foregoing into account, the Court finds that having depositions of two Unum witnesses, *i.e.*, Pamela Fox and Lisa Montelongo-Connor, as Plaintiff has noticed, is not

---

[6] If Defendant asserts privilege as to these documents and these documents are not already reflected in the Amended Privilege Log, Defendant shall, within fourteen (14) days of this Opinion and Order, (1) file a supplemental privilege log of such documents, and (2) provide to the Court for its *in camera* review copies of such documents that pre-date March 8, 2019. *See* Discussion Section IV, *infra*.

proportional to the needs of this case. However, the Court finds that Plaintiff is entitled to deposition testimony from Unum. Consistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure, within fourteen (14) days of the date of this Opinion and Order, Unum shall designate one or more officers, directors or managing agents, or such other persons who consent to testify on its behalf, regarding (1) the processing, investigation and review of Plaintiff's claim for LTD benefits, and (2) the application to Plaintiff of any amendment of, change to or revision of the LTD Plan. Such deposition(s) shall be taken within sixty (60) days of the date of this Opinion and Order, unless that deadline is extended for good cause shown.

IV.     **Amended Privilege Log**

Plaintiff contends that Unum's communications prior to March 8, 2019[7] are not privileged. (*See* 3/31/20 Joint Letter at 3.) The Court has reviewed the relevant portions of the Amended Privilege Log and is unable to determine whether the documents at issue are in fact privileged based upon the arguments made by counsel in their submissions and during the February 12, 2020 telephone conference. Accordingly, the Court shall conduct an *in camera* review of the pre-March 8, 2019 documents reflected on the privilege log. *See United States v. Atias*, No. 14-CR-00403 (DRH) (SIL), 2016 WL 3950081, at *4 (E.D.N.Y. July 19, 2016) ("to determine whether the documents identified in the Privilege Log as being withheld pursuant to the attorney-client privilege are actually protected from disclosure, the Court will conduct an *in camera* review for privilege in the first instance"). No later than fourteen (14) days from the date of this Opinion and Order, Defendant's counsel shall send these documents to the undersigned by email to aaron_nysdchambers@nysd.uscourts.gov.

---

[7] According to Plaintiff, March 8, 2019 is the date when Unum made a final decision regarding Plaintiff's benefits. (*See* 3/31/20 Joint Letter at 3.)

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED, as follows:

(1) Defendant is not required to provide any further responses to Plaintiff's interrogatories;

(2) Within fourteen (14) days of the date of this Opinion and Order, Defendant shall produce (to the extent not already produced) non-privileged documents regarding the application to Plaintiff of any amendment of, change to or revision of the LTD Plan;

(3) Within fourteen (14) days of this Opinion and Order, Defendant shall file a supplemental privilege log of documents regarding the application to Plaintiff of any amendment of, change to or revision of the LTD Plan, to the extent such documents are not already reflected on the Amended Privilege Log;

(4) Within fourteen (14) days of this Opinion and Order, Defendant shall file a supplemental privilege log of documents regarding any legal analysis, review or advice relating to the LTD Plan as applied to Plaintiff, to the extent such documents are not already reflected on the Amended Privilege Log;

(5) Within fourteen (14) days of this Opinion and Order, Defendant shall email to the Court at its Chambers email box (Aaron_NYSDChambers@nysd.uscourts.gov) all pre-March 8, 2019 documents reflected on the Amended Privilege Log, as well as any supplemental logs.

**SO ORDERED.**

DATED:  New York, New York
April 2, 2020

_____
STEWART D. AARON
United States Magistrate Judge