USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lawrence T. Glickman, M.D.,

                               **Plaintiff**,

-against-

First UNUM Life Insurance Company,

                               **Defendant.**

1:19-cv-05908 (VSB) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a request by Defendant First Unum Life Insurance Company ("Defendant" or "Unum") for modification of the Court's April 2, 2020 Opinion and Order ("Prior Opinion"). (Def. 4/7/20 Ltr., ECF No. 32.) For the reasons set forth below, Defendant's request for modification is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Familiarity with the Prior Opinion is presumed. Defendant's modification request is addressed solely to that portion of the Prior Opinion requiring Defendant "to identify and produce a Rule 30(b)(6) witness." (Def. 4/7/20 Ltr. at 1.) According to Defendant, after the issuance of the Prior Opinion, Defendant "formally advised plaintiff, in writing, that it will not oppose plaintiff's request for attorney fees and costs in connection with the demand in the complaint that his claim be administered pursuant to the terms of the Plan Amendment." (*Id*. at 2 (emphasis in original).) Defendant argues that, "[t]his concession completely obviates any need for discovery . . ., and renders the deposition moot." (*Id*.)

Plaintiff opposes Defendant's modification request and argues that he needs the deposition testimony "so he can discern how Unum determined its newly proffered date of

disability" and regarding the reasonableness of Plaintiff's attorneys' fees (which Defendant did not concede). (*See* Pl. 4/10/20 Ltr., ECF No. 34, at 1-3.) In reply, Defendant argues that discovery in this case, which seeks equitable relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), should be limited to the administrative record and, thus, that a Rule 30(b)(6) deposition is not warranted.[1] (*See* Def. 4/14/20 Ltr., ECF No. 35.)

## DISCUSSION

The Court, in its discretion, adheres to its Prior Opinion in finding that Plaintiff is entitled to deposition testimony from Unum. However, based upon Defendant's concession, the Court hereby limits the scope, timing and length of such deposition that was set forth in the Prior Opinion. Consistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure, within fourteen (14) days of the date of this Opinion and Order, Unum shall designate an officer, director or managing agent, or such other person who consents to testify on its behalf, solely regarding how Unum determined its newly proffered date of disability. Such deposition shall be taken within sixty (60) days of the date of this Opinion and Order, unless that deadline is extended for good cause shown, and shall not exceed three hours in length.

The scope of the deposition set forth in the Prior Opinion was premised on the need for Plaintiff to take discovery regarding the LTD Plan amendment relevant to the issue of attorneys' fees. (*See* Prior Opinion, ECF No. 31, at 9.) Now, Defendant has agreed that it will not oppose "plaintiff's request for attorney fees and costs in connection with the demand in the complaint that his claim be administered pursuant to the terms of the Plan Amendment." (Def. 4/7/20 Ltr. at 2.) Thus, there no longer is any need for deposition on that topic. However, Defendant failed

---

[1] In issuing this Order, the Court also has considered the additional correspondence filed by the parties at ECF Nos. 36 and 38.

to concede Plaintiff's request for attorneys' fees and costs in connection with the date of disability. Thus, the Court finds that Defendant is entitled to deposition testimony regarding the date of disability, since one of the *Chambless* factors the Court may consider, if Plaintiff prevails on the issue of the date of disability, is the relative merit of the parties' positions. (*See* Prior Opinion at 9.)

As an alternative and independent basis for the Court's ruling, Unum altered the date of disability on which its calculations were based after this case was commenced. The administrative record that existed at the time this case was commenced does not contain evidence regarding the change in the date of disability. Thus, notwithstanding any limitations that may exist regarding the scope of discovery in ERISA cases, the Court finds that Plaintiff is entitled to deposition testimony regarding the date of disability.[2]

On proportionality grounds, the Court limits the foregoing deposition to three hours. Three hours is ample time for Plaintiff to obtain testimony regarding the date of disability.

---

[2] Contrary to Defendant's suggestion in its correspondence, this is not a new discovery issue raised by Plaintiff in response to Defendant's modification request. During the February 12, 2020 telephone conference with the Court, Plaintiff's counsel mentioned his need for evidence regarding the date of disability.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the April 2, 2020 is modified with respect to the scope, length and timing of the Defendant's Rule 30(b)(6) deposition, as set forth above. The Court's April 2, 2020 Order otherwise remains in force and effect.

**SO ORDERED.**

DATED:	New York, New York
	April 16, 2020

_____
STEWART D. AARON
United States Magistrate Judge